## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

GRIFFIN TECHNOLOGY HOLDINGS, INC.,

        Plaintiff,

v.

CLEARWIRE CORPORATION,

        Defendant.

C.A. No. 12-1308 (RGA)

█████████████████████████

```
PUBLIC - REDACTED VERSION
```

**DEFENDANT CLEARWIRE CORPORATION'S OPENING BRIEF IN SUPPORT OF
ITS MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND 12(b)(6)**

Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

*Attorneys for Defendant
Clearwire Corporation*

*Of counsel:*

Angel Mitchell
Beth A. Larigan
Albert F. Harris
SHOOK HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108
(816) 474-6550
amitchell@shb.com
blarigan@shb.com
afharris@shb.com

Dated: January 9, 2013

*Public version filed January 16, 2013*

# <u>TABLE OF CONTENTS</u>

**Page**

I.  NATURE AND STAGE OF THE PROCEEDINGS .............................................1

II.  SUMMARY OF ARGUMENT ...............................................................................1

III.  STATEMENT OF FACTS .......................................................................................2

IV.  ARGUMENT ...........................................................................................................2

    A.  Griffin's Complaint Should Be Dismissed for Lack of Subject
       Matter Jurisdiction ...........................................................................................2

       1.  Legal Standard Under Rule 12(b)(1) .......................................................2

       2.  Griffin Lacks Standing to Sue Because the Patent Owner
          Did Not Transfer to Griffin All Substantial Rights in the '617 Patent.....4

    B.  Griffin's Complaint Should Be Dismissed Because It Fails
       To State A Claim For Which Relief Can Be Granted.....................................7

       1.  Legal Standard Pursuant to Rule 12(b)(6) ...............................................7

       2.  Griffin's Complaint Fails to State a Plausible Claim of
          Direct Infringement...................................................................................8

       2.  Griffin's Complaint Fails to State a Plausible Claim of
          Indirect Infringement ...........................................................................12

  V.  CONCLUSION.................................................................................................12

# TABLE OF AUTHORITIES

**Page**

## Cases

*Alfred E. Mann Found. for Scientific Research v. Cochlear Corp.*,
   604 F.3d 1354 (Fed. Cir. 2010) ............................................................. 3, 5, 6, 7

*Antonius v. Spalding & Evenflo Cos.*,
   275 F.3d 1066 (Fed. Cir. 2002) ...................................................................... 12

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................ 1, 7, 8, 12

*Asymmetrx, Inc. v. Biocare Med., LLC*,
   582 F.3d 1314 (Fed. Cir. 2009) ........................................................................ 3

*Ballentine v. U.S.*,
   486 F.3d 806 (3d Cir. 2007) ............................................................................. 2

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................... *passim*

*Bender v. LG Electronics USA, Inc.*,
   No. 09-CV-2114, 2010 WL 889541, at *3 (N.D. Cal. Mar. 11, 2010) ........................ 10

*Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc.*,
   227 F.3d 62 (3d Cir. 2000) ............................................................................... 3

*Conte v. Jakks Pac., Inc.*,
   No. 1:12-cv-0006-LJO-GSA, 2012 U.S. Dist. LEXIS 105247,
   2012 WL 3069971, at *2 n.1 (E.D. Cal. July 27, 2012) ....................................... 9

*Eidos Commc'ns, LLC v. Skype Techs. SA*,
   686 F. Supp. 2d 465 (D. Del. 2010) ...................................................... 10, 11, 12

*Eng'g, Inc. v. Robotic Vision Sys.*,
   208 F.3d 981 (Fed. Cir. 2000) ........................................................................ 12

*Fowler v. UPMC Shadyside*,
   578 F.3d 203 (3d Cir. 2009) .......................................................................... 7, 8

*Infineon Techs. AG v. Volterra Semiconductor Corp.*,
   No. C-11-6239 MMC, 2012 WL 3939353, at *2 (N.D. Cal. Sept. 10, 2012) ................. 9

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012)..............................................................................7, 9, 12

*Int'l Gameco, Inc. v. Multimedia Games*, *Inc.*,
    504 F.3d 1273 (Fed. Cir. 2007).................................................................................. 3

*Joao Control & Monitoring Sys. of California, LLC v. Sling Media, Inc.*,
    No. C-11-6277-EMC, 2012 U.S. Dist. LEXIS 110907, 2012 WL 3249510,
    at *4 n.1 (N.D. Cal. Aug. 7, 2012)................................................................................ 9

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992)................................................................................................2

*Mentor H/S, Inc. v. Med. Device Alliance, Inc.*,
    240 F.3d 1016 (Fed. Cir. 2001)..............................................................................4, 6

*PB & J Software, LLC v. Acronis, Inc.*,
    No. 4:12-cv-690 SNLJ, 2012 WL 4372523, at *4 (E.D. Mo. Sept. 25, 2012) ............... 10

*Petruska v. Gannon Univ.*,
    462 F.3d 294 n.3 (3d Cir. 2006)................................................................................3

*Pragmatus AV, LLC v. Yahoo! Inc.*,
    No. 11-902-LPS-CJB, 2012 U.S. Dist. LEXIS 161874, at *5-*6 n.1
    (D. Del. Nov. 13, 2012) ............................................................................................ 9

*Prism Technologies, LLC v. Sprint Spectrum, L.P.*,
    No. 8:12CV123, 2012 WL 3867983, at *4-*5 (D. Neb. Sept. 6, 2012) ..................... 9, 10

*Propat Int'l Corp. v. RPost, Inc.*,
    473 F.3d 1187 (Fed. Cir. 2007)..............................................................................3, 6

*Q-Pharma, Inc. v. Andrew Jergens Co.,*
    360 F.3d 1295 (Fed. Cir. 2004)................................................................................ 12

*Rite-Hite Corp. v. Kelley Co.*,
    56 F.3d 1538 (Fed. Cir. 1995)...................................................................................2

*Speedplay, Inc. v. Bebop, Inc.*,
    211 F.3d 1245 (Fed. Cir. 2000).................................................................................4

*Totes-Isotoner Corp. v. United States*,
    594 F.3d 1346 (Fed. Cir. 2010).................................................................................8

*Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*,
    944 F.2d 870 (Fed. Cir. 1991)...................................................................................5

## **Statutes**

35 U.S.C. § 100(d) .................................................................................................................. 3

35 U.S.C. § 281 ....................................................................................................................... 3

## **Rules**

Fed. R. Civ. P. 8(a)(2) ......................................................................................................... 2, 7

Fed. R. Civ. P. 12(b)(1) .................................................................................................. 2, 3, 12

Fed. R. Civ. P. 12(b)(6) ................................................................................................... 1, 7, 13

## I.    NATURE AND STAGE OF THE PROCEEDINGS

On October 9, 2012, Plaintiff Griffin Technology Holdings, Inc. ("Griffin") filed this lawsuit, asserting that Defendant Clearwire Corporation ("Clearwire") directly infringes one or more claims of United States Patent No. 6,473,617 (the "'617 patent") entitled "Enhanced Cellular Communication System."   (D.I. 1 at ¶¶ 9-14.)   Griffin alleges that Clearwire has infringed and continues to infringe at least claim 1 "by, among other things, practicing the steps of the patented methods of the '617 patent with respect to a cellular wireless communication system which includes the products known as the Clearwire Spot Apollo, Spot Voyager and/or Hub Express."   (D.I. 1 at ¶ 13.)   Clearwire has moved to dismiss Griffin's allegations of infringement for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  This is Clearwire's Opening Brief in support of that motion.

## II.    SUMMARY OF ARGUMENT

This Court lacks subject matter jurisdiction because Griffin lacks standing to bring this lawsuit.   Griffin has failed to provide evidence establishing its exclusive right to sue for infringement of the '617 patent.   To the contrary, the license agreement between Griffin and patent owner, IWICS Inc. ("IWICS") demonstrates that IWICS retained rights in the '617 patent that, among other things, could subject Clearwire to multiple infringement actions.   Accordingly, because IWICS did not transfer to Griffin all substantial rights in the '617 patent, Griffin lacks standing to sue and this lawsuit must be dismissed for lack of subject matter jurisdiction.

Furthermore, Griffin's Complaint recites legal conclusions lacking even the most minimum factual allegations required by the Supreme Court in *Iqbal* and *Twombly*.  Indeed,

Griffin's allegations do not "raise a right to relief above the speculative level" and they utterly fail to put Clearwire on notice of the acts that are alleged to constitute infringement. *See Twombly*, 550 U.S. at 555. Griffin's vague and conclusory allegations that Clearwire directly infringes the claims of the '617 patent fail to meet the requirements of Federal Rule of Civil Procedure 8(a)(2) and Supreme Court precedent. As such, Griffin's Complaint should be dismissed for failure to state a claim.

## III.    STATEMENT OF FACTS

On October 9, 2012, Griffin filed its complaint (D.I. 1) alleging infringement of one or more claims of the '617 patent entitled "Enhanced Cellular Communication System." Griffin alleges in conclusory fashion that it is the "exclusive licensee of the '617 patent with ownership of all substantial rights in the '617 patent." (D.I. 1 at ¶ 8.) Griffin also alleges that Clearwire directly infringes "by, among other things, practicing the steps of the patented methods of the '617 patent with respect to a cellular wireless communication system which includes the products known as the Clearwire Spot Apollo, Spot Voyager and/or Hub Express." (D.I. 1 at ¶ 13.) Griffin alleges no further information to shed light on its legal conclusion of infringement.

## IV.    ARGUMENT

### A. Griffin's Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction

#### 1.  Legal Standard Under Rule 12(b)(1)

"A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Ballentine v. U.S.*, 486 F.3d 806, 810 (3d Cir. 2007); *see also Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1551 (Fed. Cir. 1995) ("The question of standing to sue is a jurisdictional one."). Griffin, as the party invoking federal jurisdiction, has the burden to establish standing to sue. *Lujan v. Defenders of Wildlife,* 504 U.S.

555, 561 (1992).   Where subject matter jurisdiction is challenged under Rule 12(b)(1) based upon the sufficiency of jurisdictional facts, the Court is not required to attach any presumptive truthfulness to the allegations in the complaint and may consider matters outside the pleadings to satisfy itself that it has jurisdiction. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006); *see also Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000).

Standing to bring a patent infringement action derives from 35 U.S.C. § 281, which states that "[a] patentee shall have a remedy by civil action for infringement of his patent." *Int'l Gameco, Inc. v. Multimedia Games, Inc.*, 504 F.3d 1273, 1276 (Fed. Cir. 2007).   The term "patentee" as that term is used in 35 U.S.C. § 281 "includes not only the patentee to whom the patent was issued but also the successors in title to the patentee."   35 U.S.C. § 100(d). "Accordingly, a suit for infringement ordinarily must be brought by a party holding legal title to the patent." *Asymmetrx, Inc. v. Biocare Med., LLC*, 582 F.3d 1314, 1318 (Fed. Cir. 2009).

Where the patentee does not transfer formal legal title, a transfer of ownership for standing purposes may nevertheless occur if the patentee "conveys all substantial rights in the patent to the transferee." *Propat Int'l Corp. v. RPost, Inc.*, 473 F.3d 1187, 1189 (Fed. Cir. 2007). A patent owner "may transfer all substantial rights in the patents-in-suit, in which case the transfer is tantamount to an assignment of those patents to the exclusive licensee, conferring standing to sue solely on the licensee." *Alfred E. Mann Found. for Scientific Research v. Cochlear Corp.*, 604 F.3d 1354, 1358-59 (Fed. Cir. 2010).   A patent may not have multiple separate owners for purposes of determining standing to sue. *Id.* at 1359.   Either the patent owner *did not* transfer all substantial rights, in which case the patent owner retains the right to sue for infringement, or the patent owner *did* transfer all substantial rights to the exclusive

licensee, "in which case the licensee becomes the owner of the patent for standing purposes and gains the right to sue on its own." *Id.* at 1359-60. Thus, the pivotal standing inquiry in the context of an exclusive license rests on whether "the patent owner transferred away sufficient rights to divest it of any right to sue" because "a patent may not have multiple separate owners for purposes of determining standing to sue." *Id.* at 1359.

### 2. Griffin Lacks Standing to Sue Because the Patent Owner Did Not Transfer to Griffin All Substantial Rights in the '617 Patent

This Court lacks subject matter jurisdiction because Griffin lacks standing to bring this lawsuit. The '617 patent is owned by IWICS. (Ex. A.) Griffin asserts rights to bring this lawsuit by virtue of its status as an exclusive licensee of the '617 patent. (D.I. 1, Compl. ¶ 8, at 2.) When a party who is not the patent owner sues for infringement in the plaintiff's own name, the plaintiff must produce a written instrument documenting the transfer of proprietary rights. *Mentor H/S, Inc. v. Med. Device Alliance, Inc.*, 240 F.3d 1016, 1017 (Fed. Cir. 2001); *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1250 (Fed. Cir. 2000). Griffin did not attach to its Complaint (D.I. 1) any evidence establishing its exclusive right to sue for infringement of the '617 patent.

Consequently, Clearwire requested from the Patent and Trademark Office ("PTO") all records of assignments and conveyances of the '617 patent that were recorded with that office. The PTO provided: (1) an Assignment dated September 16, 1999, from the inventors of the '617 patent to a South African entity named Salbu Research and Development (Proprietary) Limited (Ex. B); (2) an Assignment dated April 26, 2004, from Salbu to IWICS Inc., a Washington entity (Ex. C); and (3) a "Patent Assignment" cover sheet holding the alleged conveyance out as a "License," but the document attached was a Professional Employment Agreement between Griffin and the law firm it hired to handle this litigation, and not the alleged license between IWICS and Griffin (Ex. D). As the latter Agreement certainly did not evidence Griffin's

ownership or standing, Clearwire raised with Griffin the lack of documentation demonstrating its standing.   Griffin subsequently produced, under a designation of "Attorney's Eyes Only," documents purporting to be the Exclusive License Agreement between IWICS and Griffin.  (*See* Ex. A.)  None of the assignment or license documents establish Griffin's standing to bring this lawsuit.   Rather, the Exclusive License Agreement is strewn with various indicia that IWICS retained rights consistent with those of a patent owner.



"[T]he most important factor in determining whether an exclusive license transfers sufficient rights to render the licensee the owner of the patent" is the nature and scope of the patent owner's retained right to sue accused infringers. *Alfred E. Mann Found.*, 604 F.3d at 1361.  The extent to which an agreement gives the licensee exclusive rights to sue for infringement is "particularly dispositive." *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*, 944 F.2d 870, 874 (Fed. Cir. 1991).

IWICS' retention of this substantial right is additional evidence that IWICS remains the owner of the '617 patent for standing purposes.

Third, Griffin's exclusive license is ████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████ is yet additional

evidence that Griffin is not the owner of all substantial rights and that Clearwire may be subject

to multiple infringement actions on a number of fronts.

████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████

█████████████   This retained obligation also shows that IWICS remains the owner of the '617

patent, as the "responsibility to maintain a patent is one of the obligations that has been

recognized by [the Federal Circuit] as an indication that the party with that obligation has

retained an ownership interest in the patent." *Propat*, 473 F.3d at 1191; *see also Alfred E. Mann

Found.*, 604 F.3d at 1358, 1361 (obligation to pay patent maintenance fees is factor to be

considered); *Mentor H/S, Inc.*, 240 F.3d at 1018 (pointing out patent owner "is obliged to pay the

maintenance fees for the patent").

████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████

████████████████████████   This, too, demonstrates IWICS' meaningful ownership

in the patent.  *See, e.g.*, *Propat*, 473 F.3d at 1191-92 (finding patent owner's power to terminate

licensee's rights was another indication that the patent owner retained a significant ownership

interest in the patent).

In sum, IWICS appears to be the patent owner with rights in the '617 patent that, among

other things, could subject Clearwire to multiple infringement actions.  The alleged Exclusive

License Agreement did not transfer sufficient rights to Griffin to make Griffin the owner of the '617 patent. Griffin's exclusive assertion of the '617 patent is thus forbidden under patent laws. *See Alfred E. Mann Found.*, 604 F.3d at 1359-60. Accordingly, this lawsuit should be dismissed for lack of subject matter jurisdiction.

### B. Griffin's Complaint Should Be Dismissed Because It Fails To State A Claim For Which Relief Can Be Granted

#### 1. Legal Standard Pursuant to Rule 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Consequently, a motion to dismiss may be granted when the plaintiff has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

When presented with a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).[1] First, the court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210-11. Second, the court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal,* 556 U.S. at 678).

Determining whether a claim is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A plausible claim does more than merely allege entitlement to relief; it must also demonstrate the

---

[1] In a patent case, a motion to dismiss for failure to state a claim is reviewed under the law of the regional circuit. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012).

basis for that "entitlement with its facts." *Fowler*, 578 F.3d at 211 (citations omitted).  Thus, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Totes-Isotoner Corp. v. United States*, 594 F.3d 1346, 1354 (Fed. Cir. 2010) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . [S]uch a claim requires a complaint with enough factual matter (taken as true) to suggest that [a claim is plausible].").  The pleading requirements of Rule 8 are not satisfied where, as here, the complaint contains only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

### 2.  Griffin's Complaint Fails to State a Plausible Claim of Direct Infringement

Griffin's claims of infringement are wholly insufficient.  Griffin's Complaint includes nothing more than bare assertions that Clearwire somehow infringes one or more of the claims of the '617 patent.  Griffin summarily alleges that Clearwire infringes by "practicing the steps of the patented methods of the '617 patent with respect to a cellular wireless communication system which includes the products known as the Clearwire Spot Apollo, Spot Voyager and/or Hub Express."  (D.I. 1 at ¶ 13.)  Griffin's complaint is so vague and conclusory that it appears to be accusing anything and everything that falls under the broad umbrella of "a cellular wireless communication system."  This arguably accuses Clearwire's entire business and, by doing so, fails to give Clearwire fair notice of what is at issue in this case.

Numerous courts have held similar allegations insufficient, even under the liberal pleading standards of Form 18 (which arguably itself fails *Iqbal*/*Twombly* pleading standards).  According to the Federal Circuit, whether a complaint adequately pleads direct infringement "is

to be measured by the specificity required by Form 18." *In re Bill of Lading Transmission & Processing System Patent Litigation*, 681 F.3d 1323, 1334 (Fed. Cir. 2012).[2]  That form uses the example of "electric motors" as sufficiently identifying the alleged infringing device.  Fed. R. Civ. P. Form 18.

For example, in *Prism Technologies, LLC v. Sprint Spectrum, L.P.*, No. 8:12CV123, 2012 WL 3867983, at *4-*5 (D. Neb. Sept. 6, 2012), another district court found a materially indistinguishable identification of the accused instrumentality as being insufficient.  There, the plaintiff accused the defendant's "various wireless products and data services" of infringement. *Id.* at *5.  The Court found the term "wireless products"—much like the "cellular wireless communication system" identified in Griffin's complaint here—to be "considerably more generic than the term 'electric motor' as identified in Form 18." *Id.*  Although the plaintiff did name two exemplary "data services," it appeared that the plaintiff was accusing the defendant's entire wireless network service without providing any explanation in the complaint about what specific portions of those services allegedly constituted infringement. *Id.*  So, too, in this case Griffin states that the accused generic wireless communication system "includes the products known as Clearwire Spot Apollo, Spot Voyager and/or Hub Express."  (D.I. 1 at ¶ 13.)  Yet Griffin fails to specify what aspects of those products allegedly infringe or whether the unwieldy language is meant to encompass other products operating in the generically accused system.  *See Infineon Techs. AG v. Volterra Semiconductor Corp.*, No. C-11-6239 MMC, 2012 WL 3939353, at *2 (N.D. Cal. Sept. 10, 2012) (granting motion to dismiss as to "other products").  Likewise,

---

[2]  Although Federal Circuit decisions on motions to dismiss are not considered binding, courts have considered the reasoning in those cases as strongly persuasive authority.  *See, e.g., Pragmatus AV, LLC v. Yahoo! Inc.*, No. 11-902-LPS-CJB, 2012 U.S. Dist. LEXIS 161874, at *5-*6 n.1 (D. Del. Nov. 13, 2012); *Joao Control & Monitoring Sys. of California, LLC v. Sling Media, Inc.*, No. C-11-6277-EMC, 2012 U.S. Dist. LEXIS 110907, 2012 WL 3249510, at *4 n.1 (N.D. Cal. Aug. 7, 2012); *Conte v. Jakks Pac., Inc.*, No. 1:12-cv-0006-LJO-GSA, 2012 U.S. Dist. LEXIS 105247, 2012 WL 3069971, at *2 n.1 (E.D. Cal. July 27, 2012).

the complaint fails to explain how these multi-faceted products allegedly interoperate with the generically accused system in an infringing manner.    As with the complaint in *Prism Technologies*, Griffin's complaint utterly fails to put Clearwire on notice of what it needs to defend.

Other exemplary district court cases include *Bender v. LG Electronics USA, Inc.*, No. 09-CV-2114, 2010 WL 889541, at *3 (N.D. Cal. Mar. 11, 2010), where the district court held that a plaintiff did not state a plausible claim for relief where the complaint merely provided a non-exhaustive, non-specific list of "broad categories of products."   The court found that such broad categories of products are insufficient, especially where the defendant is a large company that "design[s] and manufacture[s] a wide range of consumer electronics."   *Id.* at *3.   The court held that "the factual allegations in a patent infringement complaint must identify the specific products accused."   *Id.* at *4.   Like the plaintiff in *Bender,* Griffin's Complaint provides no details concerning what Clearwire "cellular wireless communication system" allegedly infringes; nor does the Complaint describe the claims of the '617 patent or the connection between the patent claims and the accused instrumentality.   *See also*, *e.g.*, *PB & J Software, LLC v. Acronis, Inc.*, No. 4:12-cv-690 SNLJ, 2012 WL 4372523, at *4 (E.D. Mo. Sept. 25, 2012) (holding the complaint's identification of "seed loading" was "woefully deficient" where it did not describe the patent, the infringing device, or the connection between the two); *Eidos Commc'ns, LLC v. Skype Techs. SA*, 686 F. Supp. 2d 465, 468 (D. Del. 2010) (holding that a plaintiff asserting infringement must identify defendant's alleged infringing devices with specificity; merely pointing to "large technology areas" is insufficient).

In *Eidos Communications*, the Court dismissed a plaintiff's complaint that vaguely alleged that the "defendants' 'communication system products and/or methodologies' infringe its

patents, without settling conclusively on whether they are targeting either a product or a method." *Eidos Commnc'ns,* 686 F. Supp. 2d at 467.   Similarly here, Griffin's Complaint vaguely alleges that Clearwire infringes its patent "by practicing the steps of the patented methods . . . with respect to a cellular wireless communication system which includes the products known as the Clearwire Spot Apollo, Spot Voyager and/or Hub Express."  (D.I. 1 at ¶ 13.)"  Like in *Eidos*, Griffin's vague allegation begs the question: is Griffin targeting system methodologies or products?  As the Court held in *Eidos*, Rule 8 requires Griffin to provide more information and specificity.

Without knowing what exactly Griffin is accusing of infringement, Griffin invites Clearwire to evaluate Clearwire's entire wireless network and product portfolio relative to each of the 21 claims of the '617 patent to guess which, if any, of its products and services might be at issue.  This is the antithesis of Rule 8's notice pleading requirements.

Griffin's complaint not only deprives Clearwire of the fair notice that Rule 8 expects and due process requires, but its lack of notice also has practical consequences at the outset of a case: Clearwire is at a loss to know what acts or instrumentalities Griffin contends infringe its patent and how to answer or otherwise respond to the complaint.  Clearwire is also deprived of various procedural rights.  A vague complaint makes it difficult, if not impossible, to know which additional parties might appropriately be joined or implicated.  Based on the current state of the pleadings, it would be impossible for Clearwire to begin collecting and processing documents, to identify witnesses necessary to satisfy Rule 26 initial disclosure obligations, to issue appropriately tailored document preservation notices, to consult experts, or to otherwise prepare its defense. *See*, *e.g.*, *Twombly,* 550 U.S. at 558 ("[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual

11

controversy to proceed."); *Eidos Commnc'ns,* 686 F. Supp. 2d at 469 ("Plaintiffs have not guided the course of discovery in this action by utilizing conditional language throughout the complaint.").  And because Griffin has a Rule 11 obligation to know what is truly at issue,[3] such a broad, vague complaint disproportionately drives litigation costs up for Clearwire without substantially affecting Griffin.  Each of these difficulties underscores the need for this Court to faithfully apply *Twombly* and *Iqbal* and dismiss the Complaint in its entirety.

### 3. Griffin's Complaint Fails to State a Plausible Claim of Indirect Infringement

It is unclear whether Griffin attempts to plead indirect infringement.  The complaint contains absolutely no factual allegations to support an indirect infringement theory.  Yet Griffin prays for relief based on an indirect infringement theory.  (D.I. 1, at 4 ¶ b.)  Thus, out of an abundance of caution, Clearwire requests that Griffin's complaint also be dismissed insofar as Griffin attempts to plead an indirect infringement theory.  The conclusory prayer for relief in no way meets the requirements for alleging indirect infringement set forth in *In re Bill of Lading*, 681 F.3d at 1336-37 (holding *Iqbal/Twombly* pleading standards, rather than Form 18, applies to claims of indirect infringement).

## V.   CONCLUSION

Because Griffin lacks standing to bring this lawsuit, the Court should dismiss the Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  Additionally, because Griffin failed to adequately allege facts to support its claim for direct

---

[3] Rule 11 already requires attorneys to perform an "assessment of the basis of each infringement claim" before filing their complaint.  *View Eng'g, Inc. v. Robotic Vision Sys.,* 208 F.3d 981 (Fed. Cir. 2000).  That analysis must, "at a minimum, . . . interpret the asserted patent claims and compare the accused device with those claims," *Q-Pharma, Inc. v. Andrew Jergens Co.,* 360 F.3d 1295 (Fed. Cir. 2004), "to determine whether the accused device satisfies each of the claim limitations," *Antonius v. Spalding & Evenflo Cos.,* 275 F.3d 1066, 1074 (Fed. Cir. 2002).  Armed with that analysis, it should not be burdensome for Griffin to draft a complaint that gives Clearwire adequate notice of the accused instrumentalities.

infringement, the Court should dismiss the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: January 9, 2013

*Public version filed January 16, 2013*

        */s/ Mary B. Matterer*
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6600
rherrmann@morrisjames.com
mmatterer@morrisjames.com

*Attorneys for Defendant Clearwire Corporation*

*Of counsel:*

Angel Mitchell
Beth A. Larigan
Albert F. Harris
SHOOK HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108
(816) 474-6550
amitchell@shb.com
blarigan@shb.com
afharris@shb.com

# Exhibit A

# EXHIBIT   REDACTED
# IN   ITS   ENTIRETY

# Exhibit B

*09/381040*

**PTO/PCT Rec'd 12 OCT 1999**

11-19-1999

*101204610*

DOCKET: CL-1991 TJK

FILED 10/12/99

| FORM PTO-1595<br>(Rev 6-93)<br>OMB No. 0651-0011 (exp 4/94) | **RECORDATION FORM COVER SHEET**<br>**PATENTS ONLY** | **U.S. DEPARTMENT OF COMMERCE**<br>Patent and Trademark Office |
|---|---|---|

Tab settings ⇨ ▼ ▼    ▼    ▼    ▼    ▼    ▼

To the Honorable Commissioner of Patents and Trademarks: Please record the attached original documents or copy thereof.

| 1. Name of conveying party(ies)<br>1) James David LARSEN<br>2) Mark Sievert LARSEN<br><br>Additional name(s) of conveying party(ies) attached? ☐ Yes ☒ No | 2. Name and address of receiving party(ies)<br><br>Name: SALBU RESEARCH AND DEVELOPMENT<br>       (PROPRIETARY) LIMITED<br>Internal Address:_____<br><br>_____<br>_____<br><br>Street Address: Portion 86-87 of Farm Doorn-<br>kloof, Pretoria, 0002, South Africa<br><br>City:_____ State:_____ ZIP:_____<br><br>Additional name(s) & address(es) attached? ☐ Yes ☒ No |
|---|---|

| 3. Nature of conveyance.<br><br>☒ Assignment            ☐ Merger<br><br>☐ Security Agreement      ☐ Change of Name<br><br>☐ Other _____<br><br>Execution Date: September 16, 1999 | |
|---|---|

4. Application number(s) or patent number(s): **09/381040**

10/18/1999 FMBLESE 00000251 381040   If this document is being filed together with a new application, the execution date of the application is: _____
01 FC:581                    40.00 OP

| A. Patent Application No.(s)<br>(09/381,040) | B. Patent No.(s) |
|---|---|

Additional numbers attached? ☐ Yes ☒ No

| 5. Name and address of party to whom correspondence<br>concerning document should be mailed.<br><br>Name: Timothy J. Keefer<br><br>Internal Address:_____<br><br>_____<br>_____<br><br>Street Address: c/o Ladas & Parry<br>224 South Michigan Avenue<br><br>City: Chicago  State: IL  ZIP: 60604 | 6. Total number of applications and patents involved: [ 1 ]<br><br>7. Total fee (37 CFR 3.41)............$  40.00<br><br>☒ Enclosed w/transmittal letter<br><br>☐ Authorized to be charged to deposit account<br><br>8. Deposit account number:<br><br>_____<br><br>(Attach duplicate copy of this page if paying by deposit account) |
|---|---|

| DO NOT USE THIS SPACE |
|---|

9. Statement and signature.
*To the best of my knowledge and belief, the foregoing information is true and correct and any attached copy is a true copy of the original document.*

| Timothy J. Keefer<br>Name of Person Signing<br>Reg. 35567 | _____<br>Signature | October 12, 1999<br>Date |
|---|---|---|

Total number of pages including cover sheet, attachments, and document  [ 2 ]

Mail documents to be recorded with required cover sheet information to:
**Commissioner of Patents & Trademarks, Box Assignments**
**Washington, D.C. 20231**

**PATENT**
**REEL: 010383 FRAME: 0383**

# ASSIGNMENT

JAMES DAVII LARSEN

(2)  MARK SIEVE.T LARSEN

(3)

(4)

(1 4)   insert
Name(s) of
Inventor(s)

In consideration of the sum of one dollar ($1,00) and
other good and valuable consideration paid to each of the
undersigned, the undersigned agree(s) to assign, and
hereby do(es) assign, transfer and set over to

Insert name of
Assignee          5)  SALBU RESEARCH AND DEVELOPMENT (PROPRIETARY) LIMITED
Insert address
of Assignee       6) of  PORTION 86-87 OF FARM DOORNKLOOF, PRETORIA, 0002,
                       SOUTH AFRICA

(hereinafter designated as the Assignee) the entire right,
title and interest for the United States, its territories,
dependencies and possessions, in the invention, and all
applications for patent and any Letters Patent which may
be granted therefor, known as

Insert ident-      (7)  "CELLULAR COMMUNICATION SYSTEM WITH MOBILE STATIONS
ification of
invention, such       ACTING AS RELAY STATIONS    (Case no.)
as title, case no
or foreign
application no.

                   for which the undersigned has (have) executed an
                   aplication for patent in the United States of America

Insert date of
signing of         (8)  16 September 1999
application

Alternative        (9)  US Application Serial Number _____
dentification for
filed applications      filed _____

1) The undersigned agree(s) to execute all papers necessary in connection
with the application and any continuing or divisional applications thereof
and also to execute separate assignments in connection with such applications
as the Assignee may deem necessary or expedient.
2) The undersigned agree(s) to execute all papers necessary in connection
with any interference which may be declared concerning this application or
continuation or division thereof and to cooperate with the Assignee in every
way possible in obtaining evidence and going forward with such interference.
3) The undersigned agree(s) to execute all papers and documents and
perform any act which may be necessary in connection with claims or
provisions of the International Convention for Protection of Industrial
Property or similar agreements.
4) The undersigned agree(s) to perform all affirmative acts which may be
necessary to obtain a grant of a valid United States patent to the Assignee
5) The undersigned hereby authorise(s) and request(s) the Commissioner of
Patents to issue any and all Letters Patents of the United States resulting
from said application or any division or divisions or continuing applications
thereof to the said Assignee, as Assignee of the entire interest, and hereby
covenants that he has (they have) full right to convey the entire interest
herein assigned, and that he has (they have) not executed and will not
execute, any agreement in conflict herewith.

In witness whereof, executed by the undersigned on the date(s) opposite the
undersigned name(s)

Date  16 September 1999  Name of Inventor

                                              JAMES DAVID LARSEN

Date  6 September 1999  Name of Inventor

                                              MARK STEVERT LARSEN

Date _____  Name of Inventor _____

Date _____  Name of Inventor _____

Date _____  Name of Inventor _____

**PATENT**

**RECORDED: 10/12/1999**                **REEL: 010383 FRAME: 0384**

Exhibit C

/01/2004 13:50 FAX 312 427 6663       LADAS & PARRY                    ☑001

DOCKET:  CS-1826

| Form PTO-1595<br>(Rev. 10/02)<br>OMB No. 0651-0027 (exp. 6/30/2005) | **RECORDATION FORM COVER SHEET**<br>**PATENTS ONLY** | U.S. DEPARTMENT OF COMMERCE<br>U.S. Patent and Trademark Office |
|---|---|---|

Tab settings ⇒ ⇒ ⇒ ▼          ▼          ▼          ▼          ▼          ▼          ▼

To the Honorable Commissioner of Patents and Trademarks: Please record the attached original documents or copy thereof.

| 1. Name of conveying party(ies): | 2. Name and address of receiving party(ies) |
|---|---|
| SALBU RESEARCH AND DEVELOPMENT<br>(PROPRIETARY) LIMITED<br><br>Additional name(s) of conveying party(ies) attached? ☐ Yes ☒ No | Name:  IWICS INC.<br><br>Internal Address: _____ |

| 3. Nature of conveyance: | |
|---|---|
| ☒ Assignment          ☐ Merger<br>☐ Security Agreement    ☐ Change of Name<br>☐ Other_____ | Street Address:  19125 North Creek<br>Parkway, Suite 201<br>Bothell, Washington 98011, US<br>City:_____State:_____Zip:_____ |
| Execution Date:  April 26, 2004 | Additional name(s) & address(es) attached? ☐ Yes ☒ No |

4. Application number(s) or patent number(s):

If this document is being filed together with a new application, the execution date of the application is:_____

| A. Patent Application No.(s) | B. Patent No.(s) |
|---|---|
| 09/355,898   09/570,892<br>09/445,033   09/730,096<br>09/463,541 | 6,097,703<br>6,473,617 |

Additional numbers attached? ☐ Yes ☒ No

| 5. Name and address of party to whom correspondence concerning document should be mailed: | 6. Total number of applications and patents involved: ☐ 7 |
|---|---|
| Name:  Brian W. Hameder<br><br>Internal Address:_____ | 7. Total fee (37 CFR 3.41).............$ 280.00<br><br>☐ Enclosed<br>☒ Authorized to be charged to deposit account |
| Street Address:  c/o Ladas & Parry<br>224 South Michigan Avenue<br>City: Chicago   State: IL   Zip: 60604 | 8. Deposit account number:<br><br>12-0400<br><br>(Attach duplicate copy of this page if paying by deposit account) |

| DO NOT USE THIS SPACE |
|---|

9. Statement and signature.

*To the best of my knowledge and belief, the foregoing information is true and correct and any attached copy is a true copy of the original document.*

| Brian W. Hameder | *[signature]* | July 1, 2004 |
|---|---|---|
| Name of Person Signing | Signature | Date |
| Reg. 45613 | | |

Total number of pages including cover sheet, attachments, and documents: 3

Mail documents to be recorded with required cover sheet information to:
Commissioner of Patents & Trademarks, Box Assignments
Washington, D.C. 20231

**PATENT**

700095979                                    **REEL: 014805 FRAME: 0479**

)4 13:50 FAX 312 427 6663          LADAS & PARRY                            ☑002

## UNITED STATES OF AMERICA
## ASSIGNMENT

WHEREAS,

### SALBU RESEARCH AND DEVELOPMENT (PROPRIETARY) LIMITED
Portion 86-87 of Farm Doornkloof
Pretoria 0002, Republic of South Africa

(hereinafter referred to as ASSIGNOR) is the owner of the United States patents and applications, and the inventions covered thereby, identified in Schedule A attached hereto and incorporated herein by reference; and

WHEREAS,

### IWICS INC.
19125 North Creek Parkway
Suite 201
Bothell, Washington 98011, United States of America

(hereinafter referred to as ASSIGNEE), is desirous of acquiring the entire interest in said patents, applications and inventions;

NOW, THEREFORE, in consideration of One Dollar ($1.00) paid to it by said ASSIGNOR, and other good and valuable consideration, receipt of all of which is hereby acknowledged, said ASSIGNOR hereby sells, assigns and transfers unto said ASSIGNEE, its successors and assigns, the entire right, title and interest in and to the said United States patents and applications, and the inventions covered thereby, and any continuation, division, reissue or re-examination thereof, together with any and all claims and demands it may have at law or in equity arising out of infringements thereof.

ASSIGNOR hereby covenants that no assignment, sale, agreement or encumbrance has been or will be made or entered into which would conflict with this assignment and sale.

IN WITNESS WHEREOF, said ASSIGNOR has caused these presents to be duly executed this day, and with effect from April 6, 2003

**SALBU RESEARCH AND DEVELOPMENT (PROPRIETARY) LIMITED**

By: Gernot Larsen

Title: Director

26 April 2004

Date

0699P/3

312 427 6663          LADAS & PARRY                                    ☑003

## SCHEDULE A

| U.S. Serial # | Filing Date | Patent # | Issue Date |
|---|---|---|---|
| 08/849,875 | June 18, 1997 | 6,097,703 | Aug. 1, 2000 |
| 09/355,898 | Sep. 24, 1999 | | |
| 09/381,040 | Oct. 12, 1999 | 6,473,617 | Oct. 29, 2002 |
| 09/445,033 | Jan. 18, 2000 | | |
| 09/463,541 | Mar. 9, 2000 | | |
| 09/570,892 | May 15, 2000 | | |
| 09/730,096 | Dec. 5, 2000 | | |

RECORDED: 07/01/2004

PATENT
REEL: 014805 FRAME: 0481

# Exhibit D

# EXHIBIT   REDACTED
# IN   ITS   ENTIRETY